UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DAVID GAULT,

       Plaintiff,

v.

APEX SECURITY AND CONVENTION SERVICES, INC.
JILL V. MURPHY, MARGARET TOSCANO,
JOHN J. MURPHY,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, DAVID GAULT, brings this action against Defendants, APEX SECURITY AND CONVENTION SERVICES, INC., JILL V. MURPHY, JOHN J. MURPHY, and MARGARET TOSCANO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

2. At all times material hereto, Plaintiff, DAVID GAULT, was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, APEX SECURITY AND CONVENTION SERVICES, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of security services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along

with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.      Defendant, JILL V. MURPHY, is a resident of Marion County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, APEX SECURITY AND CONVENTION SERVICES, INC.; said Defendant acted and acts directly in the interests of Defendant, APEX SECURITY AND CONVENTION SERVICES, INC., in relation to said co-Defendant's employees. Defendant effectively dominates APEX SECURITY AND CONVENTION SERVICES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JILL V. MURPHY was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5.      Defendant, JOHN J. MURPHY, is a resident of Marion County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, APEX SECURITY AND CONVENTION SERVICES, INC.; said Defendant acted and acts directly in the interests of Defendant, APEX SECURITY AND CONVENTION SERVICES, INC., in relation to said co-Defendant's employees. Defendant effectively dominates APEX SECURITY AND CONVENTION SERVICES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JOHN J. MURPHY was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.      Defendant, MARGARET TOSCANO, is a resident of Osceola County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, APEX SECURITY AND CONVENTION SERVICES, INC.; said Defendant acted and acts directly in the interests of

Defendant, APEX SECURITY AND CONVENTION SERVICES, INC., in relation to said co-Defendant's employees. Defendant effectively dominates APEX SECURITY AND CONVENTION SERVICES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MARGARET TOSCANO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a security guard.

8. During Plaintiff's employment with Defendants, he was paid at the hourly rates of $8 and $8.50 instead of the agreed hourly rate of $10.

9. During Plaintiff's employment with Defendants, he was not paid for all the time he worked.

10. During Plaintiff's employment with Defendants, he was paid late.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff estimates that he is owed approximately $154.46 in damages. See Exhibit A, Plaintiff's Statement of Claim.

12. Despite Plaintiff's continued demand for payment, Defendants have knowingly and willfully refused to tender payment and to date Defendants have failed to pay Plaintiff the legally owed wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## APEX SECURITY AND CONVENTION SERVICES, INC.

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff entered into an oral contract for wages with Defendant at the hourly rate of pay of $10.00.

20. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

21.     Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

22.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791